UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRYL ANTHONY ROBINSON,

        Petitioner,                Case No. 1:21-cv-14

v.                                          Honorable Robert J. Jonker

MINDY BRAMAN,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Darryl Anthony Robinson is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. On May 13, 1983, Petitioner pleaded guilty to second-degree murder in the Muskegon County Circuit Court. In exchange, the prosecutor dismissed charges of open murder and armed robbery. On July 1, 1983, the court sentenced Petitioner to life imprisonment.

This is the twenty-third habeas corpus petition that Petitioner has filed in this Court or the United States District Court for the Eastern District of Michigan. Most of the petitions challenge his conviction and sentence; others challenge disciplinary sanctions imposed while Petitioner was incarcerated. On August 12, 2005, Petitioner filed a petition in this Court challenging his conviction and sentence. *Robinson v. Luoma*, No. 2:05-cv-196 (W.D. Mich.) (*Robinson I*). The Court dismissed the petition on January 4, 2006, because it was barred by the statute of limitations. *Robinson I* (Opinion & Order, ECF No. 16; Judgment, ECF No. 17.) On January 13, 2006, Petitioner filed a petition in this Court challenging his conviction and sentence.

*Robinson v. Luoma*, No. 2:06-cv-21 (W.D. Mich.) (*Robinson IV*).  The Court dismissed the petition on April 17, 2006, because it was barred by the statute of limitations.  *Robinson IV* (Order & J., ECF No. 6.)  On March 7, 2008, Petitioner filed a petition in this Court.  *Robinson v. Bergh*, No. 2:08-cv-65 (W.D. Mich.) (*Robinson VII*).  The Court dismissed the petition on January 5, 2009, because it was barred by the statute of limitations.  *Robinson VII* (Op. & Order, ECF No. 22; Judgment ECF No. 23.)

Petitioner's current petition, like many of his prior petitions, is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).  A successive petition raises grounds identical to those raised and rejected in a prior petition.  *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987).  A second petition is one which alleges new and different grounds for relief after a first petition was denied.  *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998).  Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect.  *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)).  For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive.  *In re Cook*, 215 F.3d 606, 608

(6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). More than one of Petitioner's previous habeas actions were dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court, and the United States District Court for the Eastern District of Michigan, have transferred many of Petitioner's prior petitions to the Sixth Circuit Court of Appeals. That court has never authorized Petitioner's filing of a second or successive petition.

Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   January 14, 2021                            /s/ Ray Kent
                                                                     Ray Kent
                                                                     United States Magistrate Judge